**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 04-10380-NMG |
| | ) | |
| ERNEST EDWARDS | ) | |

STATUS REPORT CONCERNING SEALED INDICTMENT

The United States submits this status report to the Court concerning the indictment in this case, that has remained sealed since its return in December 2004. The purpose of this report is to explain to the Court the need for the indictment to remain under seal and the warrant unexecuted.

In May 2004, a cooperating witness ("CW") purchased a Mossberg shotgun from Ernest Edwards. Edwards was then a convicted felon who was prohibited from possessing a firearm. The CW who made the purchase had been cooperating with the Bureau of Alcohol Tobacco and Firearms ("ATF") and the Drug Enforcement Administration ("DEA"), who were conducting joint investigations of trafficking in guns and drugs. In addition, the CW was cooperating with the Federal Bureau of Investigation ("FBI") in various investigations concerning organized crime, identity theft and police corruption. In connection with all these investigations, the CW was recording conversations with a number of different people.

In or about December 2004, Ernest Edwards' younger brother was murdered. At the time, there was concern that Ernest Edwards might be the source of potential retaliation. Edwards was then under the supervision of a Probation Officer of the Commonwealth of Massachusetts, who was notified of this concern. The Probation Officer and his supervisor felt that Edwards did not pose a threat, but stated that Edwards would be the subject of enhanced scrutiny and supervision. Nevertheless, the United States Attorney's Office, in consultation with the participating agencies, obtained the return of an one count indictment charging Edwards with a violation of Title 18, United States Code, Section 922(g)(1) - the instant indictment. The charge was based on the sale of the shotgun to the CW. With the arrest warrant in hand, it was felt that, should we receive any information indicating that Mr. Edwards intended to commit any act of violence or otherwise retaliate for his brother's murder, federal authorities would arrest Edwards. However, as stated above, the CW was involved in a number of other investigations. Because the arrest of Edwards would force us to disclose the identity of the CW (and prematurely end those other investigation), it was decided to seal the indictment and not effectuate the warrant unless it became necessary.

Since December of 2004, the CW has continued to be very active in several investigations. For example, under the supervision of the FBI, the CW has continued to purchased drugs, including some

from a police officer. He has also paid that officer for confidential information. In large part on the basis of information gathered by the CW, on December 1, 2005, the United States obtained an Order issued by United States District Judge Reginald C. Lindsay authorizing the interception of wire communications, pursuant to Title 18, United States Code, Section 2518. M.B.D. 05-10404-RCL. Interception of wire communications over the target telephone began on December 5, 2005 and continued until approximately 11:00 p.m. on January 3, 2006. On the date of this submission, documentation in connection with a re-up of said authorization will be submitted to the appropriate officials of the Department of Justice in Washington, D.C., for review and approval.

In addition to the Title III interceptions, the CW continues to provide evidence, that includes consensually recorded conversations. If the instant indictment were to be unsealed, the government would shortly have to disclose the identity of the CW. Doing that would end his usefulness and prematurely end these other significant and important investigations. Therefore, it is in the interests of justice and the public to keep this matter sealed.

In addition, the defendant's rights under the Speedy Trial Act are not implicatded. Pursuant to Title 18, United States Code, Section 3161(c)(1), the Speedy Trial "clock" does not begin to run until "the filing date (and making public) of the ... indictment, or ... the date the defendant has appeared before a judicial

officer of the court in which such charge is pending, whichever date last occurs." Therefore, the Speedy Trial "clock" in the case has not begun to run.

Wherefore, for the reasons stated herein, the United States requests that this matter remain sealed and the warrant unexecuted. The government further requests that this Status Report be sealed by the Court.

                                  Respectfully Submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By: _____
     JEFFREY AUERHAHN
     Assistant U.S. Attorney

Dated:    January 25, 2006